Judge Mills
delivered the Opinion of the Court.
The plaintiff’ in the court below, sued the defendant, in an action of assumpsit, for so much money fora note made by a third person, and sold and delivered by the plaintiff to the defendant.
On the trial of the issue of non assumpsit, the plaintiff introduced the confessions of the defendant that he had bought such a note, and had promised to pay a certain sum therefor, at a period, or rather on a contingency which had happened, substantially agreeing with some of the counts in the declaration.
The counsel for defendant, moved the court to exclude that evidence, until the plaintiff should produce the note itself as the best evidence.
The court sustained this motion.
The counsel for plaintiff, during the trial, gave notice to tbe. defendant to produce the note, and then Required the court to permit parol evidence to b'e given of the contents of the note, or to rule the defendant to produce it, tendering at the same time an affidavit, that the note was seen in the hands of the. adverse counsel at the commencement of this trial, and he had not been out of the court house sjnee,
In such case, plaintiff lined not proilncc, nor require defendant to produce tlie note sol.'l, but may prove* the existence nwi pale of it, by parol ovidcuce.-
The distinction i-: hn~ tween the. contents oCihc instrument as evidence of a contract, and exilíente of it, as r thins; and subject of tho contract to be proved.
Where the counsel of defendant had (he paper at the nominen cement of (he (rial, notice at the bar to neodn on it, is sufficient to authorize plaintiff lo prove its content;, tinless its presence be. denied on oath.
Turner for plaintiff; Caperloa for defendant.
*f lie court refused to do either, and then, on mo-lion of tho defendant, directed the plaintiff to bo non-suited, to which the plaintiff refused to submit, ant! excepted to the opinions of the court, and a verdict and judgment were rendered against him| to reverse which, this writ of error is prosecuted.
We cannot agree with tho court below, that the production of the note was necessary, it could only be hold necessary, by not-attending to the distinction between proving the existence and contents of a note, and the sale of a note. Of the former, the note is the, better evidence; but of the latter, the note furnish!?! no evidence. For, how the production of a note could, in any manner, prove a parol sale of it aflerwards made, which sale could not appear on tho face, of the note or any part of it, is hard to conceive. The existence of a note is as ccrtainly’perceivod by the senses, or acknowledged in conversation, as that of any o,tiier article of commerce, and it ¡night as well be urged, that before the acknowledgments of a sale of any other- article could be given in evidence, the article itself must be produced in court, in order that the court might sop that it really existed, as that a note thus sold, should be produced.
Nor do we deem the decision of the court more correct in refusing to permit parol evidence to he adduced of the existence and contents of the note, which the court bad decided to be necessary. That a longer time of notice could be necessary to produce the note, where it was present in court, in the. pocket of the adverse counsel or his client, is wholly 'inadmissible, unless the presence of the note, had been denied by proper affidavits. To require a longer time of notice to make It reasonable, was holding the party fo a rigidity of practice not warranted fey law.
The judgment must, therefore, be reversed with costs, and the cause be remanded for new proceed-i»gs, not inconsistent with this opinion.